IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COUNTRY HOME LOANS, INC.,
f/k/a COUNTRYWIDE FUNDING
CORPORATION,

        Plaintiff

          v.                     CIVIL NO. 08-2108 (JP)

KENNETH ROSS ALVELO a/k/a KENNETH
ROSS ALVELO-RODRÍGUEZ, et al.,

        Defendants

---

## DEFAULT JUDGMENT

The Court has before it Plaintiff's motion for default judgment (**No. 9**) against Defendants Kenneth Ross Alvelo a/k/a Kenneth Ross Alvelo-Rodríguez, Brenda Ivette Sánchez-Vega, and the Conjugal Partnership constituted among them ("Defendants"). The motion is **GRANTED.** Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendants (No. 8), for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

## I.   INTRODUCTION AND FINDINGS OF FACT

1.   On May 2, 2001, Defendants subscribed a mortgage note payable to the order of Pan American Financial Corporation, by deed Number 185 before Notary Public Antonio José Cruz-Bonilla in San

CIVIL NO. 08-2108 (JP)          -2-

Juan, Puerto Rico, and further negotiated or endorsed to the order

of Plaintiff, over the following real property:

> **URBANA: Solar radicado en la URBANIZACIÓN GARCÍA PONCE, situada en el Barrio Quebrada Fajardo de Fajardo, Puerto Rico, que se describe en el Plano de Inscripción de la Urbanización, con el número TRECE (13) del Bloque 'C', con un área de 385.18 metros cuadrados. En lindes: por el NORTE, con la Calle San Antonio, distancia de 12.49 metros; por el SUR, con Fajardo Development, distancia de 15.90 metros; por el ESTE, con el Solar #12, distancia de 27.52 metros; y por el OESTE, con el Caserío Doctor Veve, distancia de 27.95 metros. Enclava una edificación.**

Plaintiff's mortgage is inscribed as entry 4,143 at page 11 of

book 131 of registry of property of Puerto Rico, Fajardo section.

2.     Defendants, owners of record the aforesaid property, have

failed to comply with the terms and conditions of the mortgage

contract and have refused to pay the stipulated monthly installments,

in spite of Plaintiff's demands and collection efforts.

3.     Defendants' indebtedness with Plaintiff is:

a)     $86,541.93 of aggregate principal;

b)     $7,356.12 of interest accrued as of December 31,

2008, and thereafter until its full and total payment, which

amount increases at an annual rate of 8.5 percent;

c)     Costs, charges, disbursements, and attorneys' fees in

the amount of $7,531.80, plus expenses and advances made by

Plaintiff.

CIVIL NO. 08-2108 (JP)          -3-

## II.  **ORDERS**

**IT IS HEREBY ORDERED:**

4.  Defendants, as debtors of the amounts prayed for in the Complaint, are hereby **ORDERED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph, paragraph three.

5.  In default of the payment of the sums herein specified or of any part thereof within the ten days from the date of entry of this Judgment, said property shall be sold by the U.S. Marshal of this Court or a duly appointed Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

6.  The U.S. Marshal or Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks. The amount of $75,318.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The U.S. Marshal or Special Master shall

CIVIL NO. 08-2108 (JP)            -4-

proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.    Such sale shall be subject to the confirmation of this Court.  Upon confirmation, the U.S. Marshal or Special Master shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

7.   Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the U.S. Marshal or Special Master;

b)   To the payment of all proper expenses and advances made by Plaintiff attendant upon said sale, not to exceed $8,820.00;

c)   To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in paragraph five;

CIVIL NO. 08-2108 (JP)          -5-

       d)   If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

8.   The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

9.   Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.   Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of August, 2009.

                                  s/Jaime Pieras, Jr.
                                  JAIME PIERAS, JR.
                         U.S. SENIOR DISTRICT JUDGE